## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **PHILLIP A. PEAVY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-2633-JAR-TJJ** |
| | ) | |
| **LABOR SOURCE d/b/a/ ONE SOURCE ABM** | ) | |
| **INDUSTRIAL INCORPORATED,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Before the Court are the following motions: Plaintiff's Motion to Reconsider (Doc. 15),

Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 12), and Defendant's Motion

for Non-Monetary Sanctions (Doc. 14). The motions are fully briefed and the Court is prepared

to rule. As described more fully below, the Court denies Plaintiff's motion to reconsider and

grants Defendant's motions to dismiss and for sanctions. The Court agrees that any future

Complaint filed in this district by Mr. Peavy against Labor Source or ABM Industrial, Inc, if he

is granted leave to file *in forma pauperis*, shall be screened under 28 U.S.C. § 1915 prior to

authorizing service of summons by the United States Marshals Service ("USMS").

**I.      Motion to Reconsider**

On March 2, 2015, Plaintiff Phillip A. Peavy filed a *pro se* Complaint against "Labor

Source d/b/a/ One Source ABM Industrial Incorporated," alleging various claims of employment

discrimination and wage violations under federal and state law. He has filed three previous

lawsuits seeking relief in other jurisdictions against Defendants Labor Source d/b/a Once Source

Staffing, ABM Industrial Incorporated, and American Building Maintenance Co, based on a

prior alleged employment relationship.[1]  On March 6, 2015, Magistrate Judge Teresa J. James

issued an Order Granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis.  Summons

was then executed by the USMS upon "ABM Industrial Incorporated/Labor Source D/B/A One

Source," on March 24, 2015.  On April 20, 2015, Plaintiff sought default judgment, arguing that

Defendant had failed to answer or otherwise respond within twenty-one days of service of the

Complaint and Summons.

On May 12, 2015, Defendant Labor Source, LLC d/b/a/ One Staffing filed a Motion for

Leave to File a Responsive Pleading out of Time.[2]  In that motion, Defendant argued that it was

not properly served because Plaintiff did not name the correct defendant, and that he did not

direct service of the Summons and Complaint to a corporate officer, as required by K.S.A. § 60-

304(e).  Defendant explained that the defendant identified in the Summons, "ABM Industrial

Incorporated/Labor Source D/B/A One Source" was incorrect because Labor Source and ABM

are two separate and distinct entities.  Defendant submitted an affidavit stating that they are not

affiliated, and that they do not share joint counsel.  Furthermore, the Complaint and Summons

fail to identify the corporate officer to whom process is to be served.  For these reasons, the

Court denied Plaintiff's motion for default judgment, stating that it was not apparent that

Defendant had failed to plead or otherwise defend, as required by Fed. R. Civ. P. 55(a) to enter

default.[3]

Plaintiff now asks the Court to reconsider its Order denying the motion for default

---

[1]*See* Ex. 9 at 1–2 (summarizing prior litigation); Doc. 17, Exs. A–D.

[2]Doc. 9.

[3]Doc. 11.

judgment, citing Fed. R. Civ. P. 59 and 60(b)(3).  A motion to alter or amend judgment pursuant

to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in

the controlling law; (2) the availability of new evidence that could not have been obtained

previously through the exercise of due diligence; or (3) the need to correct clear error or prevent

manifest injustice.[4]  Rule 60(b)(3) provides that the Court may relieve a party from a final

judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

misconduct by an opposing party."  A motion to reconsider does not permit a losing party to

rehash arguments previously addressed or to present new legal theories or facts that could have

been raised earlier.[5]

Plaintiff suggests that he has new evidence that Defendant fraudulently misrepresented

certain facts in obtaining leave to file answer out of time.  Specifically, Plaintiff alleges the

following  misrepresentations: (1) that Labor Source and ABM are two separate and distinct

entities that are unaffiliated and do not share joint counsel; (2) that in 2006, Plaintiff was

assigned to a temporary position with ABM to perform janitorial services at the Sprint Center in

Kansas City; and (3) that Robin L. Goosman, who submitted an affidavit on behalf of Defendant

in response to the motion for default judgment, was a Risk Manager at Labor Source, LLC d/b/a

One Source Staffing & Labor when she was actually an accountant.  Plaintiff claims that Judge

James and the undersigned relied on these misrepresentations in granting Defendant leave to

answer out of time and in denying the motion for default judgment.

Plaintiff claims Labor Source failed to disclose that it was represented by ABM's

---

[4]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[5]*Id.*; *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

attorney in a 2010 case that Plaintiff initiated in the Western District of Missouri.  He cites page five of ABM's Answer in *Peavy v. Slipsager, et al.*[6]  But this document does not support Plaintiff's contention.  In fact, the docket sheet for the 2010 case explicitly states that each defendant (who were named separately) was represented by different counsel.  Plaintiff also points to the 2011 case in the Western District of Missouri, *Peavy v. American Building Maintenance Company Missouri North Central*, in support of his argument that ABM and Labor Source shared joint counsel.  Labor Source, however, was not named as a defendant in that case; American Building Maintenance Company Missouri North Central and Michele Bigler were the only named defendants.  Plaintiff's claims that the two business entities are one in the same, and that they share joint counsel are not supported by the record and the Court declines to reconsider its denial of default on this basis.

Next, Plaintiff's status as a temporary employee in 2006 had no bearing on the Court's decision to deny entry of default in this case.  Therefore, even if this was a misrepresentation, it had no impact on the Court's determination that Defendant did not fail to plead or otherwise defend in this matter.

Finally, Plaintiff contends that Robin Goosman misrepresented her position at Labor Source in her affidavit when she said she was a Risk Manager.  Plaintiff avers she was an accountant.  But Plaintiff offers no evidence to support his assertion that Ms. Goosman's affidavit misrepresented her position.  Defendant has submitted a letter referenced by Plaintiff that indicates while Ms. Goosman did work in the accounting department in 2013, when Labor Source was served with the Summons and Complaint for the instant matter, Ms. Goosman held

---

[6]Doc. 17, Ex. A

the position of Risk Manager.[7]  Moreover, it does not matter what Ms. Goosman's title or duties were in 2013, as Labor Source was served with the Summons and Complaint for the instant matter in 2015.

The Court finds no basis under either Rule 59(e) or Rule 60 for relief in this matter. Plaintiff has failed to point the Court to new evidence, or evidence of fraud, that would justify this Court reconsidering its decision to deny entering default against Defendant.  Plaintiff's motion to reconsider is therefore denied.

## II.   Motion to Dismiss

Defendant moves to dismiss this matter on the following grounds: (1) lack of personal jurisdiction due to insufficient service of process; (2) res judicata; and (3) failure to state a claim upon which relief may be granted.  Plaintiff has not responded to the motion to dismiss and the time to do so has expired.[8]  The Court can therefore grant this motion to dismiss as uncontested.[9] Nonetheless, the Court has reviewed Defendant's motion and finds that dismissal is appropriate for lack of personal jurisdiction as to ABM and Labor Source.  And even if Plaintiff was in substantial compliance with the service statutes as to Labor Source, the Complaint must be dismissed as to Labor Source for failure to state a claim.

### A.   Service of Process

Federal Rule of Civil Procedure 12(b)(5) governs motions to dismiss for insufficient service of process.  Once a defendant challenges service of process in a motion to dismiss under

---

[7]Doc. 17, Ex. D.

[8]D. Kan. Rule 6.1(d).

[9]D. Kan. Rule 7.4(b).

12(b)(5), the burden falls on the plaintiff to show she has satisfied the statutory and due process requirements with service of process.[10]  If service of process is insufficient, the court does not have personal jurisdiction over the defendant.[11]

Service on a corporation, partnership or association under Rule 4(h) may be effectuated under Rule 4(e)(1),[12] which in turn allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[13]  Kansas provides for service by return receipt delivery, which the USMS followed here.  K.S.A. § 60-304 governs to whom service must be made.  With respect to corporations, partnerships or associations, service must be made on: either an officer, manager, partner, resident or managing or general agent;[14] the person having charge of the defendant's business office where the summons and complaint is served;[15] or an agent authorized by appointment or by law to receive service.[16]  K.S.A. § 60-304 also requires that "service by return receipt delivery on an officer, partner or agent must be addressed to the person at the person's usual place of business."

Kansas law also has a substantial compliance provision, which provides:

> Substantial compliance with any method of serving process effects valid

---

[10]*Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1273 (D. Kan. 2011).

[11]*Id.*

[12]*See* Fed. R. Civ. P. 4(h)(1)(A).

[13]Fed. R. Civ. P. 4(e)(1).

[14]K.S.A. § 60-304(e)(1).

[15]*Id.* § 60-304(e)(2).

[16]*Id.* § 60-304(e)(3).

> service of process if the court finds that, notwithstanding some irregularity
> or omission, the party served was made aware that an action or proceeding
> was pending in a specified court that might affect the party or the party's
> status or property."[17]

Kansas courts have construed "substantial compliance" under K.S.A. § 60-204 as "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute."[18] The Kansas Supreme Court has explained that "the legislature believed that the paramount objective of any method of service of process is that 'the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected.'"[19]

The summons issued in this case was addressed to "ABM Industrial Incorporated/Labor Source D/B/A/ One Source."[20]   The summons was delivered to Labor Source at the business address Plaintiff provided to the USMS, on Old 56 Highway in Olathe, Kansas.  Plaintiff did not provide the USMS with the name of any officer, partner, or agent.  Ms. Goosman, "a Risk Manager at Labor Source, LLC d/b/a/ Once Source Staffing & Labor Source," signed the return receipt acknowledging delivery of the packet.  She denies that she is a corporate officer or managing partner.  Ms. Goosman also attests that Labor Source and ABM Industrial Inc. ("ABM") are two distinct businesses.

The Court finds that to the extent Plaintiff purports to name ABM Industrial, Inc. as a defendant in this matter, he has wholly failed to effect service on this entity.  The Court credits

---

[17]*Id*. § 60-204.

[18]*Fisher v. DeCarvalho*, 314 P.3d 214, 490–91 (Kan. 2013).

[19]*Id.* at 491 (quoting K.S.A. § 60-204).

[20]Doc. 5.

Ms. Goosman's affidavit that ABM is a separate entity from Labor Source.  Plaintiff therefore failed to effect service on ABM and it is dismissed without prejudice for lack of personal jurisdiction.

Plaintiff also failed to comply with K.S.A. § 60-304 by not providing the USMS with the correct name of the defendant business, and by not providing a person's name to whom service should be directed.  In *Porter v. Wells Fargo Bank, N.A.*,[21] the Kansas Court of Appeals found service to be insufficient when plaintiff sent the summons and complaint by certified mail to the corporate defendant, not addressed to an individual officer, manager or agent, and to a post office box, not the defendant's place of business.[22]  The court noted that "the person who is sent to pick up mail at a corporate post office box address is rarely the person in charge of the business office."[23]  Although Plaintiff here addressed the Summons and Complaint to the Defendant's business address, rather than a post office box, he failed to properly name the business entity to be sued, and he failed to comply with the method of return receipt delivery to a business because he did not provide the USMS with the name of an individual officer, manager, or agent as required by the statute.  Plaintiff has therefore failed to meet his burden of showing that he satisfied Rule 4(h) with respect to ABM or Labor Source by either directly or substantially complying with the Kansas service statutes.[24]  Although Plaintiff did serve a manager for Labor Source with service of the Summons and Complaint, who in turn made Labor

---

[21]257 P.3d 788 (Kan. Ct. App. 2011).

[22]*Id.* at 791.

[23]*Id.*

[24]Plaintiff names ABM as a "d/b/a/" of Labor Source.  He does not list them as a separate defendant.

Source aware of this lawsuit, given that he both misnamed the Defendant and failed to provide the USMS with the name of a an individual to whom the service should be directed, the Court cannot find that Plaintiff substantially complied with the service statutes.  Defendant's motion to dismiss on the basis of personal jurisdiction is therefore also granted as to Labor Source.

> **B.**      **Failure to State a Claim**

Even if the Court was to find that Plaintiff substantially complied with the statutory service requirements for Labor Source, it would find that Plaintiff failed to state a claim upon which relief may be granted.  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[25]  Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[26]

With respect to employment discrimination claims, "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."[27]  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just

---

[25]*Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

[26]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[27]*Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

speculatively) has a claim for relief.[28]  As the Supreme Court explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[29]  Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[30]

While the Court will not hold Plaintiff to the same "stringent standards" as lawyers would be held, it will not "assume the role of advocate for the pro se litigant," nor will the reduced standards for *pro se* litigants "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[31]

In Count I, Plaintiff asserts a claim based on the Kansas Employment Security Division law.[32]  The statute cited by Plaintiff sets forth the requirements for obtaining unemployment benefits, it does not provide for a private cause of action.  Therefore, Count I fails to state a claim upon which relief may be granted.

In Count II, Plaintiff asserts a claim under the Kansas Wage Payment Act.[33]  K.S.A. § 44-313 sets forth payroll requirements and deadlines for employers.  But the only factual

---

[28]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008).  "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

[29]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

[30]*Id.*

[31]*Frazier v. Ortiz*, 417 F. App'x 768, 771–72 (10th Cir. 2011) (citation and quotation marks omitted).

[32]K.S.A. § 44-701, *et seq.*

[33]K.S.A. § 44-313, *et seq.*

10

allegations contained in Count II are that Defendant "issue[d] Personal Check No. 1323" and "fail[ed] to pay the proper wages due."  These facts, alone, are insufficient to place Defendant on notice of how the statute was violated.  Moreover, even if Count II sufficiently pled a cause of action, the claim is barred by the statute of limitations because the Complaint alleges wrongdoing on July 27, 2010.  The applicable statute of limitations for this claim is three years.[34] Because Defendant's case was filed more than three years after July 27, 2010, it is time barred.

Count III asserts a claim of breach of contract based on the alleged failure to register fictitious names with the appropriate Kansas State Agency.  Plaintiff cites a federal regulation, 20 C.F.R. 616.1, which governs interstate arrangements for combining employment and wages; it does not set forth a private cause of action.  He fails to allege facts that would plausibly show the existence of a contract between Plaintiff and Defendant, a breach of that contract, or damages flowing from the breach.[35]  Count III, therefore, fails to state a claim upon which relief may be granted.

Count IV alleges discrimination and retaliation under Title VII of the Civil Rights Act of 1964, and Count VIII alleges age discrimination under the Age Discrimination in Employment Act ("ADEA").  The Complaint makes clear that Plaintiff separated from his employment in 2010.  Plaintiff alleges that he filed a complaint against ABM on July 27, 2010, and that he was unlawfully retaliated against for making this complaint.  Yet, the facts in the Complaint state that Plaintiff was terminated in February 2010, before filing the complaint.  He also alleges that ABM constructively discharged him from his employment and that Labor Source was a client of

---

[34]K.S.A. § 60-512.

[35]*See, e.g.*, *Britvic Soft Drinks, Ltd. v. ACSIS Techs., Inc.*, 265 F. Supp. 2d 1179, 1187 (D. Kan. 2003) (setting forth elements of a breach of contract claim under Kansas law).

ABM.  Plaintiff fails to state a plausible claim for relief because assuming the truth of his factual allegations, Labor Source was not his employer,[36] and his complaint could not have caused the adverse employment action that preceded the complaint.  Moreover, the EEOC right to sue letter from December 2014 indicates a denial of suit on the basis that there was no employer/employee relationship between Plaintiff and the entity listed on the administrative charge.  This claim therefore must be dismissed.  Likewise, Count V appears to assert a claim under Title VII, and references "the continuation doctrine of the foreign jurisdiction Attorney representing the Company Kansas CWC."  Despite the Court's best effort to liberally construe Plaintiff's allegations, the basis for this claim is impossible to discern and must therefore be dismissed.

Plaintiff alleges a claim under the Fair Labor Standards Act in Count VI, in which he claims sex discrimination in retaliation for submitting a wage complaint.  Again, Plaintiff alleges a claim based on his February 13, 2010 termination.  This claim is clearly time barred,[37] and there are no facts alleged that Labor Source could be subject to this statute as Plaintiff's employer.

Count VII alleges a claim under K.S.A. § 44-1009, claiming "retaliatory personnel action" by Labor Source for complaining about violations of wage laws.  Again, there are no facts alleged in the Complaint that Labor Source was Plaintiff's employer.  Further, an individual claiming discrimination under the statute must file an administrative charge with the Kansas Human Rights Commission within six months of the alleged discriminatory act has 45 days to

---

[36]*See* 42 U.S.C. § 2000e(b) & (f) (defining employer and employee); 29 U.S.C. § 630(b) & (f) (same).

[37]29 U.S.C. § 255(a) (providing three-year statute of limitations for willful violations).

file a civil action after receiving a right-to-sue letter.[38]  The alleged discriminatory act took place in 2010.  Count VII is, therefore, also barred by the statute of limitations.

Count X alleges fraud upon the court.[39]  Again, the facts alleged in this count are incomprehensible, even with a liberal reading.  The Court dismisses this claim under Rule 12(b)(6).

## III.    Motion for Sanctions

Defendant moves for an order of this Court requiring any future cases filed by Plaintiff to be screened under 28 U.S.C. § 1915 prior to service of summons being authorized.  Under 28 U.S.C. § 1651, this Court has the authority to enjoin a litigant who abuses the court system through vexatious and harassing litigation.[40]  The Court may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."[41]  28 U.S.C. § 1915 applies to proceedings *in forma pauperis*, such as this one.  It requires the Court to dismiss the case at any time if the Court determines that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief against an immune defendant.[42]  In this case, of course, there was no indication in the record at the time the Complaint was filed that Plaintiff had attempted to sue Labor Source and ABM several times in other jurisdictions.  Nonetheless, Defendant's request for a default initial

---

[38]See K.S.A. §§ 44-1005(I), 44-1021(a).

[39]Plaintiff's numbering of his claims skip from VIII to X.  There is no Count IX.

[40]*See, e.g.*, *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).

[41]*Zhu v. Fed. Housing Fin. Bd.*, No. 04-2539-KHV, 2007 WL 1266887, at *3 (D. Kan. May 1, 2007) (citation omitted).

[42]28 U.S.C. § 1915(e).

screening is well taken given Plaintiff's history of repeatedly suing the same business entities.  If Plaintiff desires to file a new lawsuit in the District of Kansas against Labor Source or ABM, he shall attach a copy of this Order to the Complaint to alert the assigned judge of the need for an initial screening.  The Court finds that this carefully tailored restriction is appropriate under the circumstances of this case, and supported by the requirements of 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reconsider (Doc. 15) is **denied.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 12) is **granted.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Non-Monetary Sanctions (Doc. 14) is **granted**.  Any future Complaint filed in this Court by Mr. Peavy against Labor Source, if he is granted leave to file *in forma pauperis*, shall be screened under 28 U.S.C. § 1915 prior to authorizing service of summons by the United States Marshals Service ("USMS").  If Plaintiff desires to file a new lawsuit in the District of Kansas against Labor Source or ABM, he shall attach a copy of this Order to the Complaint to alert the assigned judge of the need for an initial screening.

Dated: July 30, 2015

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE