IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PHILLIP A. PEAVY,**

    **Plaintiff,**

    v.

**LABOR SOURCE d/b/a/ ONE SOURCE ABM INDUSTRIAL INC.,**

    **Defendant.**

Case No. 15-2633-JAR-TJJ

## ORDER

On March 2, 2015, Plaintiff Phillip A. Peavy filed a *pro se* Complaint against "Labor Source d/b/a/ One Source ABM Industrial Incorporated," alleging various claims of employment discrimination and wage violations under federal and state law. He had filed three previous lawsuits seeking relief in other jurisdictions against Defendants Labor Source d/b/a One Source Staffing, ABM Industrial Incorporated, and American Building Maintenance Co, based on a prior alleged employment relationship. This Court denied a motion by Plaintiff for default judgment,[1] and on July 31, 2015, the Court granted Defendant's motion to dismiss for insufficient service of process, and for failure to state a claim upon which relief may be granted.[2] Judgment was entered on August 3, 2015,[3] and Plaintiff filed a Notice of Appeal on August 13, 2015.[4] The Notice of Appeal was titled "Letter to Court Clerk," and asked to take an "interlocutory appeal" in this case. An appeal was docketed and the record on appeal was transmitted to the Tenth Circuit Court of Appeals. On October 17, 2015, the Tenth Circuit

---

[1] Doc. 11.
[2] Doc. 20.
[3] Doc. 21.
[4] Doc. 22.

issued its decision on appeal, affirming this Court's dismissal of Plaintiff's case. The mandate was filed on December 22, 2015. Now before the Court is Plaintiff's Motion to Recall Mandate (Doc. 27), filed on October 26, 2016. He asks this Court to either enter an order to recall the mandate in this case, or "allow the Appellate court to proceed with this matter" pursuant to Fed. R. Civ. P. 60.[5] The motion suggests that the Clerk of Court committed fraud in some way in the filing of Plaintiff's appeal papers, and asks that he be added as a defendant to this matter.

Liberally construing Plaintiff's motion, as the Court must, he appears to argue that he should have been able to revise his opening brief before the Tenth Circuit due to a failure of the District Court Clerk to consider a motion to supplement the Court record. Under the mandate rule, the Court lacks jurisdiction to consider a Rule 60(b) motion relating to arguments already covered in the Court's orders granting Defendant's motion to dismiss and denying Plaintiff's motion for default judgment.[6] The appellate record[7] makes clear that Plaintiff moved to supplement the record to add Docket Entry 7 to the appellate record, which was Defendant's attorney's entry of appearance. Plaintiff's motion was granted before he filed his opening brief. There was no further briefing on the appeal because defense counsel filed a Notice of Non-Participation. Therefore, the Tenth Circuit was well aware of the supplemental record when it affirmed the Court's judgment in this matter. Therefore, this Court lacks jurisdiction to award Plaintiff the relief he seeks.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Philip Peavy's Motion to Recall Mandate (Doc. 27) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED.**

---

[5]Doc. 27 at 1, 3.

[6]*See Proctor and Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003).

[7]*See* Case No. 15-3185 (10th Cir.).

Dated: December 6, 2016

                                               S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               UNITED STATES DISTRICT JUDGE